IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORRECTIONAL MEDICAL SERVICES, INC. ) ) ) Plaintiff, ) ) v. ) ) THE MEDICAL PROTECTIVE ) COMPANY, ) ) Defendant. ) | Cause No. 4:04CV1456 MLM |

## STIPULATED PROTECTIVE ORDER

Plaintiff Correctional Medical Services, Inc. and Defendant The Medical Protective Company seek to prevent the unauthorized disclosure of confidential, sensitive, or proprietary information or documents produced during the course of pre-trial discovery in the above-captioned action:

Now, therefore, it is hereby stipulated and agreed as follows:

1. Any party to this litigation may designate any document which it reasonably believes to be confidential and which it produces during the course of pre-trial discovery in the above-captioned action as "Confidential Material" or a similar confidential designation subject to the provisions of this Stipulated Protective Order. It shall be necessary for the designating party to stamp, designate, or otherwise describe specific documents as Confidential Material in order for the documents to be afforded the protections set forth in this Stipulated Protective Order.

2. All Confidential Material shall be used by the parties hereto, other than the party or parties by whom production of the particular material is first made, only for the prosecution or defense of claims made in connection with the above-captioned action. Confidential Material, or

2131670.1

13

any portion or recitation thereof, shall not be given or communicated to anyone, except the following persons:

    a. The parties, the parties' counsel, and counsel's staff, including but not limited to paralegal and necessary clerical staff;

    b. Experts with whom the parties or their counsel consult, whether solely for purposes of consultation or for purposes of testifying at trial; however, nothing stated herein shall override or take precedence over the normal rules of discovery with respect to experts and no document provided to an expert that would normally be discoverable shall be withheld from an opposing party solely on the basis that it constitutes Confidential Material;

    c. Any person believed to be a potential witness with knowledge pertaining to the Confidential Materials;

    d. The Court;

    e. Any other person entitled thereto as a matter of legal right or by reason of compulsion of legal process issued by any court of competent jurisdiction;

    f. Other persons as designated by the Court or as agreed in writing by the parties hereto.

3. Any persons entitled to receive Confidential Material by virtue of Paragraph 2 shall first be advised of the existence and content of this Stipulated Protective Order and shall agree to be bound by the provisions thereof.

4. Each person referred to in subparagraphs 2(b), 2(c), 2(e), and 2(f) who has been shown or given access to Confidential Material, or information derived therefrom, shall sign an undertaking in the form attached as Exhibit A to this Order, stating that he or she has read a copy

of this Order and agrees to be bound by its provisions. Signed undertakings shall be retained by counsel for the party who provides such material or information to such person and shall upon request be provided to counsel for the opposing party.

5. Except as provided herein, this Stipulated Protective Order shall remain in effect after this litigation has been concluded by way of settlement, judgment, or otherwise, including the exhaustion of any and all appeals. No person, including the parties hereto, having received Confidential Material shall distribute or communicate that Confidential Material to anyone after the conclusion of the litigation. Nothing in this Stipulated Protective Order shall prohibit any party or parties who first produce Confidential Material from using or distributing that Confidential Material in other business matters unrelated to this litigation.

6. Except as provided herein, Confidential Material that is filed with the Court shall be filed under seal with a conspicuous designation that the filing contains Confidential Material and is to be filed under seal. The Clerk of Court is directed to maintain all such material under seal unless and until a further, contrary order is issued by the Court.

7. Any party intending to use Confidential Material in connection with or during depositions or court hearings or proceedings shall make arrangements for such use with the party who first produced the Confidential Material. If an arrangement for that use cannot be obtained, the parties shall take all reasonable steps to insure the continuing confidentiality of the Confidential Material under the terms and conditions of this Stipulated Protective Order until the matter is resolved by the Court.

8. No party shall be obligated to challenge the propriety or status of any document as Confidential Material and a failure to make such a challenge shall not preclude a subsequent challenge to that status by any party.

9. Nothing contained in this Stipulated Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client in this matter and, in the course thereof, from generally referring to or relying upon his examination of Confidential Material.

10. Neither the provisions of this Stipulated Protective Order nor any disclosure by any party pursuant hereto shall constitute a waiver of any attorney-client or work product privilege, including the protections afforded by any applicable Rules of Civil Procedure or by common law. The terms and provisions of this Stipulated Protective Order shall not be deemed or interpreted to require the disclosure or production by any party hereto of any documents or information otherwise subject to a valid claim of attorney-client, work product, or other privilege or protection against disclosure in discovery. In the event any party or person inadvertently or unintentionally produces or discloses any document or information protected by the attorney-client privilege or any work product doctrine, including but not limited to the protections afforded by any applicable Rules of Civil Procedure or by common law, the party or person who receives such document or information shall, upon written request by the party or person who produced such document or information, immediately return it and all copies of it to the party or person who produced or disclosed such document or information.

11. Any party may seek a modification or termination of this Stipulated Protective Order by first attempting to obtain the consent of the other party to the proposed modification and, absent concurrence, upon application to the court.

12. This Stipulated Protective Order shall not and does not constitute authority or authorization for any person not a party hereto to insist upon access to or inspection of any information or documents to which that person would not, in the absence of the entry of this Stipulated Protective Order, be otherwise entitled under law.

13. At the conclusion of this action, all parties must return to the producing party all Confidential Material in their possession or in the possession of their agents, including any copies thereof.

14. This Court shall have jurisdiction over the parties hereto with respect to any dispute concerning the enforcement or interpretation of this Stipulated Protective Order and the use of the Stipulated Protective Order.

15. The recipients shall act to minimize the number of persons to whom such Confidential Material is disclosed. The parties agree to cooperate fully and in good faith with each other in attempting to resolve any disputes which may arise as to the terms and effect to this Stipulated Protective Order so that recourse of the Court may be kept at a minimum.

16. This Order shall survive the termination of this action and continue in full force and effect unless waived by the written consent of the producer.

DATED this 29th day of June, 2005.

_Mary Ann L. Medler_
Magistrate Judge Mary Ann L. Medler

**APPROVED AS TO FORM AND CONTENT:**

BRYAN CAVE LLP

By: _Heidi Kuns Durr_
Dennis E. O'Connell, #3975
Heidi Kuns Durr, #98091
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000 (telephone)
(314) 259-2020 (facsimile)

Attorneys for Plaintiff

LATHROP & GAGE LC

By: _Steven M. Wald / Heidi Kuns Durr by consent_
Brent W. Baldwin, #2553
Steven M. Wald, #47465
10 South Broadway, Suite 1300
St. Louis, MO 63102
(314) 613-2500 (telephone)
(314) 613-2550 (facsimile)

Attorneys for Defendant

# EXHIBIT A

## UNDERTAKING

The undersigned has read the annexed Protective Order, understands its contents, and hereby undertakes to make no disclosures of any Confidential Material, as that term is defined in the annexed Protective Order, to any person who is not permitted to have access to such Confidential Material by the Protective Order. In addition, the undersigned agrees not to use such Confidential Material for any purpose whatsoever other than in connection with this action. The undersigned agrees to return all Confidential Material supplied by any party, directly or indirectly, and all copies thereof and all notes or other transcriptions made therefrom, to the party producing the Confidential Material, within thirty (30) days of the conclusion of this action and any appeals thereof. The undersigned understands that a violation of this undertaking is punishable as contempt of court.

DATE: _____ NAME: _____
(print or type)

SIGNATURE: _____

```
Judge Medler
Case Number: 4:04-cv-01456
Docket Text: Motion for Protective Order
Document Number: 13
Pages: 6

Date Filed: 06/28/2005
Date Entered: 06/28/2005
```